UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-cr-193 (MJD/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| Alan James Lussier, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion to Dismiss. [Docket No. 17]. The case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on September 18, 2013, whereupon both parties argued the motion. For reasons outlined below, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 17], be **DENIED**.

I. **BACKGROUND**

Alan James Lussier ("Defendant") is charged with a single count of sexual abuse, to wit, causing another person to engage in a sexual act by placing that person in fear, in violation of 18 U.S.C. §§ 2242(1) and 2246(2)(A). (Indictment [Docket No. 1]).[1] Defendant was indicted on July 23, 2013, and subsequently, he brought this Motion to Dismiss, [Docket No. 17], on September 5, 2013.

---

[1] Because Defendant and the alleged victim are both Indians, and the crime is alleged to have taken place within the exterior boundaries of the Red Lake Indian Reservation, Defendant is charged under the Indian Major Crimes Act. (See Indictment [Docket No. 1] (citing 18 U.S.C. § 1151 (Indian country defined), § 1153(a) (Indian Major Crimes Act))).

1

## II. DISCUSSION

Defendant is charged with violating 18 U.S.C. § 2242(1) (the "statute"), which makes it illegal within federal territorial jurisdiction to:

> knowingly (1) cause[] another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping).

18 U.S.C. § 2242(1).[2]

Defendant argues both that 18 U.S.C. § 2242(1) is unconstitutionally vague, because the statute does not define the word "fear," which Defendant argues may encompass acts that are not wrongful; and that the statute is unconstitutionally overbroad because it may sweep within its ambit the activities of consenting adults. (Def.'s Mem. Supp. Mot. Dismiss [Docket No. 18] (hereinafter, "Def.'s Mem.").

### A. Vagueness

#### 1. Standard of Review

Under the Fifth Amendment's guarantee that every citizen is entitled to due process, "vague statutes are void." United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2002). "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." Connally v. General Construc. Co., 269 U.S. 385, 391 (1926). The law must provide a "person of ordinary intelligence a reasonable opportunity to know what

---

[2] The Court reads 18 U.S.C. § 2242(1) in conjunction with 18 U.S.C. § 2241(a)(2), which makes it a crime to knowingly cause or attempt to cause another person to engage in a sexual act" by use of force, or "by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." Accord United States v. Johns, 15 F.3d 740, 743 (8th Cir. 1994) ("By expressly excluding fear of death, serious bodily injury, or kidnapping, which are covered in a separate statute, section 2242(1) envisions a lesser degree of fear.").

is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).

"[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975); United States v. Ghane, 673 F.3d 771, 777 (8th Cir. 2012) (same) (quoting Washam, 312 F.3d at 929 (quoting, in turn, Mazurie)). In other words, a defendant generally cannot bring a facial challenge to a statute unless his challenge rests on First Amendment grounds. "In determining whether a statute is unconstitutionally vague on the facts at hand," the Court applies a two-part test: 1) "the statute must provide adequate notice of the proscribed conduct"; and 2) "the statute must not lend itself to arbitrary enforcement." Washam, 312 F.3d at 929.

The Court begins with the presumption that a statute is valid. Ghane, 673 F.3d at 777.

## 2. Defendant lacks standing to make a facial challenge of the statute.

During the September 18, 2013, motions hearing Defendant asserted standing to make a facial challenge to 18 U.S.C. § 2242(1).[3] Defendant did not assert that his First Amendment rights were at issue—in fact, during the hearing Defendant expressly acknowledged that his motion did not rest on First Amendment grounds. Instead, Defendant relies on City of Chicago v. Morales, 527 U.S. 41 (1999), which concerned an ordinance that "prohibited 'criminal street gang members' from 'loitering' with one another or with other persons in any public place," Id. at 45-46, citing, in particular, the following passage:

> There is no need, however, to decide whether the impact of the Chicago ordinance on constitutionally protected liberty alone would suffice to support a facial

---
[3] In his Memorandum, [Docket No. 18], Defendant does not expressly state whether he is bringing a facial challenge or an as-applied challenge. However, Defendant does not in his memorandum identify any facts by which to bring an as-applied challenge. (Id.). Accordingly, the Court considers Defendant's motion to be a facial challenge to the statute.

3

> challenge under the overbreadth doctrine. For it is clear that the vagueness of this enactment makes a facial challenge appropriate. This is not an ordinance that simply regulates business behavior and contains a scienter requirement. ***It is a criminal law that contains no* mens rea *requirement, and infringes on constitutionally protected rights***. When vagueness permeates the text of such a law, it is subject to facial attack.

Id. at 55 (emphasis added; citations and quotations omitted).

However, the circumstances that made the ordinance at issue in Morales subject to facial challenge do not exist in the present case. In particular, the ordinance in Morales was subject to a facial challenge because it was "a criminal law that contains no mens rea requirement." Id. (citing Colautti v. Franklin, 439 U.S. 379, 395 (1979). In Colautti, the U.S. Supreme Court noted the long-held principle "that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of *mens rea*." 439 U.S. at 395. Additionally, in a footnote, the Colautti court noted:

> "[The] requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid. . . . The requirement that the act must be willful or purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain. But it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware."

Id. at 395 n.13 (quoting Screws v. United States, 325 U.S. 91, 101-02 (1945) (plurality opinion).

Unlike the ordinance at issue in Morales, the statute at issue in the present case contains a *mens rea* requirement in that it applies only if a defendant "***knowingly*** (1) causes another person to engage in a sexual act ***by threatening or placing that other person in fear*** . . . ." 18 U.S.C. § 2242(1) (emphasis added). Because Defendant acknowledges that his motion does not rest on First Amendment grounds, and because he has not demonstrated why this Court should depart from the general rule that a defendant cannot bring a facial challenge to a statute unless his challenge rests on First Amendment grounds, the Court finds that Defendant lacks standing to

4

bring a facial challenge and recommends that, with regard to his facial assault on 18 U.S.C. § 2242(1), Defendant's Motion to Dismiss, [Docket No. 17], be **DENIED**.

### 3. Even if Defendant had standing to make a facial challenge, the statute is not unconstitutionally vague.

Defendant argues that, with regard to the first factor in the vagueness analysis, 18 U.S.C. § 2242(1) fails to provide adequate notice of what conduct is proscribed:

> 18 U.S.C. § 2242(1) is vague because it gives no definition of "fear," a term so general and indefinite as to embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were intended to be made criminal. It is also vague because it does not provide that the placing of someone in fear must be wrongful.

(Def.'s Mem. [Docket No. 18], at 5). At least three federal courts have rejected this very argument.

#### a. United States v. Cherry and United States v. Gavin

In United States v. Cherry, 938 F.2d 748 (7th Cir. 1991), the defendant argued that "the term fear in the statute fails to provide fair warning of the proscribed conduct, . . . [and] leaves unclear whether Congress proscribed sex acts induced by fear of non-physical harm or trivial bodily injury." Id. at 753 (internal quotation omitted). The Cherry court began by noting the statute's scienter requirement: "When the government must prove intent and knowledge, these requirements do much to destroy any force in the argument that application of the statute would be so unfair that it must be held invalid." Id. at 754 (internal edits, quotations and citation omitted). The Cherry court also noted that reading 18 U.S.C. § 2242(1) in conjunction with 18 U.S.C. § 2241(a)(2) "provides at least minimal content to the definition of 'fear' in section 2242"; because fear of death, serious bodily injury or kidnapping triggers § 2241, the Cherry court reasoned, the "fear" component of § 2242(1) includes fear of lesser harms than death,

5

serious bodily injury or kidnapping. Id.[4] Finally, upon a review of the trial court record, the Cherry court concluded that the defendant had "because of his actions implicitly placed [the victim] in fear of at least some bodily harm," the statute was not unconstitutional vague as applied in that case. Id. at 755.[5]

Similarly, in United States v. Gavin, 959 F.2d 788 (9th Cir. 1992), the defendant argued that 18 U.S.C. § 2242(1) was "unconstitutionally vague because it fails to define fear." Id. at 791. The Gavin court looked to the statute's legislative history, and concluded that:

> [a] reasonable construction of section 2242(1) is that it encompasses all fears of harm to oneself or another other than death, serious bodily injury or kidnapping. A person of ordinary intelligence would understand the kind of fear the statue prohibits is fear of harm to self or others.

Id. Upon considering the trial court's findings, the Gavin court also found that the statute was not unconstitutionally vague as applied in that case. Id.

Defendant now urges this Court to reject the holding in Gavin,[6] citing the following passage: "The possible range of 'harm,' like the possible range of 'fear' is very large; it is possible to think of harms, such as embarrassment, not encompassed by the statute." Gavin, 959 F.2d at 791. Defendant argues that because there *may* be some "fear" that falls outside the operation of the statute, the statute is unconstitutionally vague. (Def.'s Mem. [Docket No. 18], at 5-6).

However, Defendant cites to no authority, and the Court has found none, in which a court dismissed an indictment under 18 U.S.C. § 2242(1) on the grounds that the "fear" alleged fell outside the operation of the statute. There is no question that "[t]he definition of 'fear,' as used

---

[4] In this respect, the Cherry court's conclusion is consistent with the Eighth Circuit's holding in Johns that "[b]y expressly excluding fear of death, serious bodily injury, or kidnapping, which are covered in a separate statute, section 2242(1) envisions a lesser degree of fear." Johns, 15 F.3d at 743; see also fn. 2, supra.
[5] The defendant in Cherry also sought to make this argument as part of a petition for habeas corpus, but was unsuccessful. Cherry v. United States, 1993 U.S. Dist. LEXIS 4580 (N.D. Ill. April 12, 2013).
[6] Defendant does not address Cherry. (See Def.'s Mem. [Docket No. 18]).

in 18 U.S.C. § 2242(1), is very broad. The element is satisfied when the defendant's actions implicitly place the victim in fear of *some bodily harm*." United States v. Castillo, 140 F.3d 874, 885 (10th Cir. 1998) (citing Gavin, 959 F.2d at 791; Cherry, 938 F.2d at 755) (emphasis added). Additionally, even if Defendant could more specifically articulate what sort of "fear" might be exempted from the operation of the statute, *he does not make an as-applied challenge in this case*. In other words, even if some ways of causing fear are not criminalized under 18 U.S.C. § 2242(1), as for the present case, Defendant has given this Court no reason to believe that whatever fear he may have caused in the alleged victim falls within such a subcategory.[7]

### b. United States v. Passi

In both Cherry and Gavin, the procedural posture was different than the present case; both Cherry and Gavin were post-conviction appeals, in which the respective courts could review the trial court record to determine whether the statute was unconstitutionally vague with respect to the defendant's specific actions.

The present case is more like United States v. Passi, 155 F.R.D. 674 (D. Kan. 1994), in which the defendant sought to dismiss two counts in the indictment that alleged violations of 18 U.S.C. § 2242(1), in part, because the statute "does not define the term 'fear.'" Id. at 674. Citing both Cherry and Gavin, the District Court in Passi denied the defendant's motion to dismiss finding that the statute "clearly encompasses fears of harm to oneself or another other than death, serious bodily injury, or kidnapping." Id. at 676.

Additionally, the defendants in both Passi and the present case argued that, by failing to define "fear," 18 U.S.C. § 2242(1) could allow for the conviction based on a victim's fear of who

---

[7] Defendant also argues that "[d]efining 'fear' in terms of 'harm' is no more sufficient than just using the term 'fear.' Neither provides a proper articulable standard of conduct, so the statute is vague and overbroad even under this analysis." (Def.'s Mem. [Docket No. 18], at 7). This argument fails for the same reason—even if there is some category of "harm" the fear of which would fall outside the statute's operation, Defendant has not demonstrated that any fear *that he caused* would fall within this subcategory.

7

the defendant *is*, and not based on what the defendant *has done*.

The defendant in Passi, who was charged with sexually abusing his daughter under both § 2242(1) and § 2243(a),[8] argued that "most children are afraid of their parents at one time or another," and that "if an incestuous relationship exists between parent and child, a generalized fear by the child of the parent should not elevate a § 2243(a) act by the parent into a greater crime under § 2242(1)." Passi, 155 F.R.D. at 675. The Passi court held that the statute does not by itself sweep in all incestuous relationships, but that a generalized fear may be sufficient to support a prosecution under the statute. Id. (citing United States v. Johns, 15 F.3d 740, 742-43 (8th Cir. 1994) (evidence was sufficient to support § 2242(1) conviction where the defendant cultivated the victim's fear and compliance through his position as her spiritual teacher and dominated every aspect of her life, isolated her from her friends, controlled her activities, pulled her out of school to engage in sex, and became enraged when she did not follow rules that he constantly changed)).

In the present case, Defendant's counsel at the September 18, 2013, motions hearing described Defendant as "a tattooed Native [American Indian] from Red Lake [Indian Reservation] who is older and bigger than the alleged victim," and argued that Defendant might be convicted merely because the alleged victim experienced "fear" based on the Defendant's appearance. This Court is not persuaded, for the same reason that the Passi court was not persuaded: 18 U.S.C. § 2242(1) does not criminalize all sexual activity by persons who might have a frightening appearance; however, if such a person, taking advantage of his frightening appearance, "knowingly causes another person to engage in a sexual act by . . . placing that other person in fear," that may be sufficient to sustain a conviction under § 2242(1).

---

[8] 18 U.S.C. § 2243 criminalizes sexual abuse of a minor or ward.

Ultimately, Defendant fails to allege facts sufficient to sustain an as-applied challenge even assuming one was made. Defendant does not actually argue that the alleged victim did fear him merely because of his appearance, but simply argues that the alleged victim *might* have feared him merely because of his appearance. Should the evidence at trial bear out Defendant's concern, he may at that time bring a motion for a directed verdict, and argue that the alleged victim's fear fell outside the operation of the statute.[9] However, at this stage, such an argument requires the court to entirely speculate as to what the evidence as to the nature of the alleged victim's fear might be. The Court will not engage in such hypotheticals.

Because the Court cannot consider the Defendant's facial challenge to 18 U.S.C. § 2242(1), and because at the present time there is nothing in the record that would allow the Court to consider an as-applied challenge, the Court recommends that, as to his argument that the statute is unconstitutionally vague, Defendant's Motion to Dismiss, [Docket No. 17], be **DENIED**.

**B. Overbreadth**

Defendant also argues that 18 U.S.C. § 2242(1) is "overbroad because it invades the constitutional substantive due process right of adults to engage in intimate consensual sexual conduct, affirmed in Lawrence v. Texas, 539 U.S. 558, 578 (2003)." (Def.'s Mem. [Docket No. 18], at 5).

However, "outside the limited First Amendment context, a criminal statute may not be attacked as overbroad." Schall v. Martin, 467 U.S. 253, 268 n.18 (1984); Musser v. Mapes, 718 F.3d 996, 1001 (8th Cir. 2013) ("The facial overbreadth doctrine is restricted in its application, however, and is 'not recognized . . . outside the limited context of the First Amendment.'")

---

[9] The Court takes no position on the merits of such an argument, but merely points out that it would be procedurally proper at a point in the case where the Court had sufficient evidence to decide the issue; at this point, the Court does not.

(quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).  As previously noted, Defendant acknowledged at the September 18, 2013, motions hearing that the present motion does not rest on First Amendment grounds.  Accordingly, the Court recommends that, with regard to his argument that 18 U.S.C. § 2242(1) is overbroad, Defendant's Motion to Dismiss, [Docket No. 17], be **DENIED**.

### III.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss, [Docket No. 17], be **DENIED**.


Dated: September 27, 2013                                    s/Leo I. Brisbois
                                                             LEO I. BRISBOIS
                                                             United States Magistrate Judge


**N O T I C E**

In light of the pending trial date of October 28, 2013, the Court now finds it must reduce the time that the parties are allowed to file, and to respond to, objections to this Report and Recommendation.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 4, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **seven (7) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.