UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Alan James Lussier,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 13-193 (MJD)

_____

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Craig S. Hunter, Counsel for Defendant.

_____

This matter is before the Court on Defendant's motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure.

Rule 29(a) provides "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction."

"[A] motion for judgment of acquittal should be granted only where 'the

1

evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged.'" United States v. Netz, 758 F.2d 1308, 1310 (8th Cir. 1985) (quoting United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973)).

This case involves an alleged sexual assault in violation of 18 U.S.C. § 2242(1), which provides it unlawful for one in the territorial jurisdiction of the United States to cause "another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will subjected to death, serious bodily injury, or kidnapping)." One element of this crime is that the Defendant threatened or placed Ms. Barrett in fear to cause her to engage in such sexual act.

At trial, Ms. Barrett repeatedly testified that she did not remember the alleged assault that occurred on March 13, 2011. She testified that she was intoxicated that night, but could not enter her bedroom because the door was locked and she did not have the key. She also testified that she then went to sleep on the couch. She remembers then waking up and seeing the Defendant's face above her, and that her memory is blurry.

Q: What's blurry?

A: The stuff I remember.

Q: What do you remember?

A: I just remember sleeping and then seeing his face.

Q: Did you know what Alan was doing above you?

A: No.

Q: Did you feel anything?

A: No.

Q: Do you remember if you had a conversation with the defendant?

A: No.

Q: What's the next thing you remember:

A: I remember waking up in the bathroom.

Ms. Barrett later testified that she believes she was raped by the Defendant. When asked why she believes she was raped by the Defendant, Ms. Barrett replied "Because I remember seeing his face." She further testified that she felt gross, but could not explain how she felt gross. Most importantly, at no time did Ms. Barrett testify that the Defendant threatened her or placed her in fear in order to cause her to engage in a sexual act. See United States v. Betone, 636 F.3d 384,

388 (8th Cir. 2011) (finding sufficient evidence at trial that defendant placed victim in fear to sustain conviction under 18 U.S.C. § 2242(1)); United States v. One Feather, 465 Fed. App'x. 577, 580 (8th Cir. Mar. 6, 2012) (sustaining conviction under 18 U.S.C. § 2242(1) where victim testified that she did not stop the defendant from engaging in sexual acts with her by screaming or telling someone because she was afraid of the defendant). The Court further notes that no other witness testified that Ms. Barrett told them that she feared the Defendant, and engaged in a sexual act with him because of that fear.

Because there is a total lack of evidence that Ms. Barrett engaged in a sexual act with the Defendant because the Defendant threatened her or placed her in fear, no reasonable jury could find the Defendant guilty of the crime charged in the Indictment.

IT IS HEREBY ORDERED that Defendant's motion for judgment of acquittal is granted. This matter is dismissed and judgment of acquittal entered in favor of the Defendant.

Date: November 5, 2013

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court